UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS P. DUNN,

                                        Plaintiff,
                                                              5:15-CV-00809
v.                                                            (DNH/TWD)

DEUTSCHE BANK NATIONAL TRUST, as
Trustee, et al.

                                        Defendants.
_____

APPEARANCES:

THOMAS P. DUNN
Plaintiff *pro se*
7085 Lakeshore Road
Cicero, NY 13039

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

    The Clerk has sent Plaintiff Thomas P. Dunn's *pro se* complaint, together with an

application to proceed *in forma pauperis* ("IFP application"), to the Court for review pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. Nos. 1 and 2.)

## I.  PLAINTIFF'S IFP APPLICATION

    A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP application,

the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's IFP application (Dkt. No.

2) is granted.

1

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    BACKGROUND

### A..    *Thomas Dunn v. Deutsche Bank Nat. Trust Co., as Trustee*, No. 5:11-CV-00712 (LEK/ATB) (N.D.N.Y.)

On August 9, 2006, Defendant Deutsche Bank National Trust Company, as Trustee

("Deutsche Bank"), commenced a foreclosure action, Index No. 06-5227, in New York State Supreme Court County of Onondaga. *See Thomas Dunn v. Deutsche Bank National Trust Company, as Trustee*, No. 5:11-CV-00712 (LEK/ATB) ("Action No. 1") (Action No. 1, Dkt. No. 3-1.)[1] The property being foreclosed was located at 7085 Lakeshore Road, Cicero, NY 13039. *Id.* at 2. Plaintiff's answer in the foreclosure action consisted of a general denial. (Action No. 1, Dkt. No. 10-7 at 1.) A judgment of foreclosure and sale was entered in the state court foreclosure action on January 8, 2009. (Action No. 1, Dkt. No. 10-8.) Plaintiff did not appeal.

On July 21, 2010, following the September 29, 2009, lifting of the automatic stay imposed in a bankruptcy proceeding filed by Plaintiff, (Action No. 1, Dkt. No. 10-9), the foreclosed property was conveyed to Deutsche Bank by a referee's deed. (Action No. 1, Dkt. No. 3 -10 at 3.) On April 20, 2011, Deutsche Bank filed a state court motion for a writ of assistance directing the Onondaga County Sheriff to place the Bank in possession of the property and remove Plaintiff. (Action No. 1, Dkt. No. 10-14 at 1.)

On June 24, 2011, Plaintiff commenced Action No. 1 alleging that the Mortgage Electronic Registration Systems, Inc. had improperly assigned the mortgage to Deutsche Bank, and that the Bank did not own the mortgage note, and therefore lacked standing to bring the foreclosure action. (Action No. 1, Dkt. No. 19 at 3.) Plaintiff requested a temporary restraining order and hearing for a preliminary injunction vacating the judgment of foreclosure entered in state court, the foreclosure sale, and the certificate of title, and dismissing a state court motion for

---

[1] In deciding whether a complaint states a claim, "courts routinely take judicial notice of documents filed in other [litigation], . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991).

a writ of possession/eviction with regard to the foreclosed property. (Action No. 1, Dkt. No. 3 - 10 at 3.)

In a Decision and Order filed on October 11, 2011, in Action No. 1, The Hon. Lawrence E. Kahn, Senior U.S. District Judge, denied Plaintiff's motions for a preliminary injunction and for leave to amend his complaint to join new defendants, and granted Deutsche Bank's cross-motion to dismiss the action, finding that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine. (Action No. 1, Dkt. No. 19 at 5-7.)

**B.** ***Thomas Dunn v. Deutsche Bank Nat. Trust Co., as Trustee*, No. 5:12-CV-00067 (NAM/ATB) (N.D.N.Y.)**

On October 24, 2012, Plaintiff filed a "Registration of Foreign Judgment" against Deutsche Bank. (No. 5:12-CV-00067 at Dkt. No. 1.) He subsequently moved for a "Transcript of Judgment." (No. 5:12-CV-00067 at Dkt. No. 2.) By Order filed on November 20, 2012, the Hon. Andrew T. Baxter, M.J., noting that there was no judgment from a court of any kind in the various documents filed as the "Registration of Foreign Judgment," denied Plaintiff's motion and directed that the action remain closed. (No. 5:12-CV-00067 at Dkt. No. 2.)

**C.     Plaintiff's Complaint in this Action**

The claims asserted in the action now before the Court for initial review, as with Action No. 1, arise out of Deutsche Bank's state court foreclosure on Plaintiff's property at 7085 Lakeshore Drive, Cicero, New York. Named as Defendants are Deutsche Bank, Select Portfolio Servicing, Bank of America, *et. al*, BAC Homeloans Servicing LLP, Gillian Brown, Esq. ("Brown"), and Patrick J. Haber ("Haber"). (Dkt. No. 1 at 2.) The claims include one for rescission and a refund based upon the alleged violation of the Truth in Lending Act ("TILA"),

15 U.S.C. § 1601, *et seq*.; breach of contract, fraud, fraudulent concealment, and unjust enrichment; violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.; submission of false claims to the government; violation of the Real Estate Settlement Procedures Act ("RESPA"); 12 U.S.C. § 2605; intentional infliction of emotional distress; invasion of privacy (by Brown); and violation of Plaintiff's civil rights under 42 U.S.C. § 1983 (by Haber). *Id.* at 4-7.

## IV. ANALYSIS

### A. TCPA Violation Claim

The TCPA, 47 U.S.C. § 227, under which Plaintiff has asserted a claim against Defendants for calling him on his cell phone 83 times over the course of a year when he had asked them not to, places specific restrictions on the use of automated telephone equipment. Plaintiff has not alleged that any of the Defendants have contacted him by telephone using an automated dialing system or a pre-recorded voice message, or in any other manner that would constitute a violation of the TCPA. (Dkt. No. 1 at 5.) Therefore, the Court finds that Plaintiff has failed to state a claim under the TCPA and recommends dismissal without leave to amend.

### B. Civil Rights Claim Against Defendant Haber

Plaintiff's civil rights claim against Defendant Haber under 42 U.S.C. § 1983 likewise fails to state a claim. According to Plaintiff, Haber, an attorney who had served as local counsel for Deutsche Bank in the state court foreclosure action, (Dkt. No. 1 at 60), made an untrue statement in small claims court that Plaintiff had been enjoined from litigating against Bank of America. *Id.* at 7. It is well settled that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). A plaintiff must therefore allege facts showing that a defendant was either a state actor or a private party acting under color of state law. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "It is well established that private attorneys . . . are not state actors for the purposes of § 1983 claims." *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010); *see also Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor). Therefore, the Court recommends that Plaintiff's § 1983 claim be dismissed without leave to amend.

      **C.     Submitting False Claim to the Government**

In a cause of action entitled "Violation of 5 USC Submitting False Claims to the Government," Plaintiff claims that the Bank of America submitted a claim to the government for $2,500.00 to be paid as an incentive to modify Plaintiff's loan in connection with his application for loan modification. (Dkt. No. 1 at 5.) Plaintiff claims that the loan modification was illegally denied because he was told he did not have a reduction of income. *Id.* According to Plaintiff, the reduction of income explanation was used as a disguise so that Bank of America would not have to disclose that Plaintiff's mortgage loan had been securitized. *Id.*

The Court has liberally construed Plaintiff's claim as one under the federal Homes Affordable Modification Program ("HAMP"), the Treasury Department program codified within the Emergency Economic Stabilization Act of 2008. 12 U.S.C. §§ 5201-5261. HAMP allows homeowners who are in default or facing an imminent risk of default to avoid foreclosure by obtaining permanent loan modifications reducing month payments. HAMP, however, does not create a private federal right of action for borrowers against loan servicers. *See Wheeler v.*

*Citigroup*, 938 F. Supp. 2d 466, 471 (S.D.N.Y. 2013) ("HAMP does not create a private right of action for borrowers against loan servicers.").  Moreover, the Court finds no basis for finding that Plaintiff has standing to assert a claim on behalf of the federal government for the Bank of America's alleged submission of a false claim.  Therefore, the Court recommends that Plaintiff's claim be dismissed without leave to amend.

### D.     TILA and RESPA Violation Claims

Plaintiff's federal claims for rescission of the foreclosed mortgage under TILA and for violation of RESPA appear, as with the claims he asserted in Action No. 1, to derive from the allegedly improper assignment of the foreclosed mortgage to Deutsche Bank which Plaintiff claims resulted in the Bank's lack of standing in the foreclosure action.

On his TILA claim, Plaintiff contends that he gave Defendants a Notice of Rescission of the foreclosed mortgage prior to the foreclosure sale, and that all actions after the Notice was given are void by operation of law.  (Dkt. No. 1 at 4.)  Plaintiff claims that Defendants Deutsche Bank, Select, and Bank of America violated RESPA by failing to respond with complete and accurate information to an allegedly qualified written request sent to them regarding whether his mortgage had been securitized.  *Id*. at 5-6.  In an October 22, 2014, letter to Deutsche Bank regarding the foreclosed mortgage, Plaintiff laid out his argument that the securitization of the foreclosed mortgage had rendered the mortgage fraudulent and "utterly void" and deprived Deutsche Bank of standing to seek foreclosure.[2]  *Id*. at 23.

As noted above, in Action No. 1, Judge Kahn dismissed Plaintiff's complaint under the

---

[2]  Plaintiff has attached the transcript of a post-foreclosure judgment hearing on March 7, 2012, in state court on the issue of whether Deutsche Bank had lacked standing in the foreclosure, so it appears that the issue was litigated in state court.  (Dkt. No. 1 at 60-75.)

*Rooker-Feldman* doctrine. (Action No. 1, Dkt. No. 19 at 5-7.) The Court finds that Plaintiff's

claims under TILA and RESPA in this action likewise fall squarely within the *Rooker-Feldman*

doctrine, which provides that federal district courts may not sit in direct review of state court

judgments unless Congress has directly authorized such relief.[3] *See Dist. of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see*

*also McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). The *Rooker-Feldman* doctrine is not

confined to claims seeking direct review of state court judgments but extends to claims that could

have been brought in state court and are inextricably intertwined with earlier state court

determinations. *See Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004).

Four requirements must be met for the *Rooker-Feldman* doctrine to apply. "First, the

federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of

injuries caused by a state court judgment. Third, the plaintiff must invite district court review

and rejection of that judgment. Fourth, the state-court judgment must have been rendered before

the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elections*, 422

F.3d 77, 85 (2d Cir. 2005) (citation, internal quotation marks and brackets omitted).

All four of the requirements are satisfied with regard to Plaintiff's TILA and RESPA

claims. First, a judgment of foreclosure and sale was entered against Plaintiff in the state court

foreclosure action on January 8, 2009. (Action No. 1, Dkt. No. 10-8.) Second, although

Plaintiff's claims are framed as violations of TILA and RESPA requirements, those claims are

inextricably intertwined with Plaintiff's claim that he was injured by the state court foreclosure

---

[3] Only the Supreme Court is authorized to exercise appellate jurisdiction over state court
judgments. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).

judgment depriving him of title to his property.  Third, Plaintiff is asking the district court to review and reject the foreclosure judgment based upon Deutsche Bank's alleged lack of standing. Fourth, the judgment in foreclosure was rendered in January 2009, many years before the filing of his complaint in this action on July 2, 2015.  (Dkt. No. 1.)

Based upon the foregoing, the Court recommends that Plaintiff's claims for violation of TILA and RESPA be dismissed with prejudice on the grounds that the claims are barred under the *Rooker-Feldman* doctrine.

### E.    State Law Claims

Plaintiff has also asserted state law claims for breach of contract, fraud, fraudulent concealment, intentional infliction of emotional distress, and invasion of privacy.  (Dkt. No. 1 at 4, 6-7.)  Inasmuch as the Court has recommended that all of Plaintiff's federal claims be dismissed, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, without prejudice to re-filing in state court.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

### F.    Request for a Temporary Restraining Order and Preliminary Injunction

Plaintiff also requests a temporary restraining order and request for a preliminary injunction vacating a state court writ of possession/eviction and enforcing his rescission rights under the TILA in this action.  (Dkt. No. 1 at 1.)  In this Circuit, a court shall grant a motion for a preliminary injunction only where the party seeking the injunction can show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and balance of hardships tipping decidedly in the movant's favor." *NXIVM Corp. v. Ross Inst*., 364 F.3d 471, 476 (2d Cir. 2004).

In his Decision and Order dismissing Plaintiff's complaint in Action No. 1 (Action No. 1, Dkt. No. 19), Judge Kahn denied Plaintiff's request for a preliminary injunction dismissing a state court motion for writ of possession/eviction on the grounds that Plaintiff's claims were barred under the *Rooker-Feldman* doctrine. [4] The Court finds that Plaintiff's request for a temporary restraining order and preliminary injunction in this case should be denied on the grounds that his TILA and RESPA claims are barred under the *Rooker-Feldman* doctrine and therefore recommends denial.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's request for a temporary restraining order and motion for a preliminary injunction be **DENIED**; and it is further

**RECOMMENDED**, that Plaintiff's first cause of action for violation of TILA and fifth cause of action for violation of RESPA be **DISMISSED** under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction; and it is

**RECOMMENDED**, that Plaintiff's third cause of action under the TCPA, fourth cause of action for submission of false claims to the government, and eighth cause of action for violation of 42 U.S.C. § 1983 be **DISMISSED WITHOUT LEAVE TO AMEND** for failure to

---

[4] This Court has recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract, fraud, and fraudulent concealment. The Court notes that were those claims to be considered, they would be barred under the *Rooker-Feldman* doctrine for the same reasons as Plaintiff's claims under TILA and RESPA.

state a claim; and it is further

**RECOMMENDED**, that the District Court exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims breach of contract, fraud, fraudulent concealment, intentional infliction of emotional distress, and invasion of privacy (second, sixth, seventh and ninth causes of action), without prejudice to re-filing in state court; and it is hereby

**ORDERED** that the Clerk serve on Plaintiff a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 10, 2015
      Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge